IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG


**THOMAS EUGENE GARDNER, JR.,**

        **Petitioner,**

**v.**                           **Civil Action No. 1:17-CV-115**
                                               **(JUDGE KLEEH)**

**DAVID BALLARD, Warden,**

        **Respondents.**


## AMENDED REPORT AND RECOMMENDATION

### I.  Introduction

On June 28, 2017, Petitioner, acting pro se, filed a Petition for a Writ of Habeas Corpus against Respondent David Ballard, pursuant to 28 U.S.C. § 2254.   ECF No. 1. Following the June 29, 2017, entry of a notice of deficient pleading [ECF No 5], Petitioner refiled his petition on the court approved from on July 13, 2017 [ECF No. 7].   On May 15, 2018, Respondent filed an answer.  ECF No. 26.  On that same date Respondent filed a motion for summary judgment [ECF No. 27], memorandum of law [ECF No. 28], and 47 exhibits [ECF No. 27-1 through 27-47].   On August 24, 2018, United States Magistrate Judge James E. Seibert filed a Report and Recommendation ("R&R").  ECF No. 33.  After granting Petitioner two extensions of time to file objections to the R&R [ECF Nos. 36, 39], the District Court granted Petitioner leave to supplement the record.  ECF No. 43.  On October 10, 2018, the District Court entered an order supplementing the record and

recommitting the case to the Magistrate Judge[1] for further consideration.  ECF No. 48. On October 31, 2018, Petitioner filed a motion to amend his petition with four attached pages from the Court-approved form.  ECF Nos. 54, 54-1.  Simultaneously with the entry of this Report and Recommendation, the Court has entered an order which grants Petitioner's motion to amend.  On November 15, 2018, Petitioner filed objections to the initial R&R.  ECF No. 57.  The matter is now pending before this Court for a review and Amended Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2.

## II. Factual and Procedural History

### A.      Conviction and Sentence

On February 1, 2010, in the Circuit Court of Marion County, West Virginia, Petitioner was indicted in case number 10-F-10 and charged in Count 1 with Distribution and Display to Minor of Obscene Matter, a violation of West Virginia Code § 61-8A-2(a). ECF No. 27-1.  The allegations against Petitioner were that he initiated a telephone conversation with a thirteen year old child, "wherein he engaged her in a sexually explicit conversation and then played a tape or a television program over the telephone that was sexually explicit, after determining that the child was in fact a minor.  Petitioner's discussion with the minor centered around Catholic school girls, spanking and rape." ECF No. 27-16 at 2.

---

[1]  Following the retirement of United States Magistrate Judge James E. Seibert, this case was assigned to the undersigned for further proceedings.

On January 19, 2011, the Petitioner entered a guilty plea to the sole count of the indictment.  ECF No. 27-2.  On that same date, the State filed an information which charged that the petitioner had been previously convicted of an offense punishable by confinement in a penitentiary on three separate dates.  ECF No. 27-4.

On March 16, 2011, Petitioner appeared for purposes of a recidivist hearing, and admitted that he was the same person who had previously been convicted of: (1) statutory rape in the Court of Common Pleas of Fayette County, Pennsylvania on July 10, 1984; (2) kidnapping in the Circuit Court of Monongalia County, West Virginia, on July 8, 1992; and (3) failure to register or provide notice of registration changes in the Circuit Court of Marion County, West Virginia on June 3, 2005.  ECF No. 27-5.  On March 21, 2011, Petitioner was sentenced by the Circuit Court of Marion County to "confinement in the state correctional facility for life."  ECF No. 27-8 at 3.

### B.    Direct Appeal

On April 2, 2011, Petitioner filed a notice of intent to appeal with the Supreme Court of Appeals of West Virginia in that court's docket number 11-0714.  ECF No. 27-13.  On February 13, 2012, the Supreme Court of Appeals issued a Memorandum Decision which affirmed Petitioner's conviction and sentence.  ECF No. 27-16.  The Court found that "petitioner's counsel argued that it was unconstitutional to sentence petitioner to a life sentence under the recidivist statute.  Id. at 3.  The Court found "no error in the circuit court's denial of the petitioner's motion to dismiss the indictment."  Id.  Additionally, the Court found "no error in the use of the recidivist statute in this matter."  Id. at 4.

**C.     First State Habeas Corpus Petition**

Petitioner by counsel, Braden L. Christopher, filed a petition[2] for habeas corpus in Marion County Circuit Court in case number 12-C-449.  The petition alleged six grounds of error which Circuit Court Judge Michael John Aloi, in his 26-page November 25, 2013 order denying relief, characterized as allegations that: (1) the Court lacked jurisdiction to impose a life sentence because the recidivist information was procedurally defective; (2) the Prosecutor made unduly prejudicial statements during sentencing; (3) Petitioner received ineffective assistance of counsel; (4) the underlying felony plea was not entered voluntarily; (5) the sentence was excessive and more severe than expected; and (6) based on these facts, the Court should consider Petitioner's amount of time served for his sentence.     ECF No. 27-20 at 4.  The Circuit Court held an evidentiary hearing on October 25, 2013.  Id.

The November 25, 2013 Order denying the petition contained findings of fact and conclusions of law upon all grounds, as required by W. Va. Code § 53-4A-7(c)[3].  ECF No. 27-20.  The Court denied relief as to each of the claims.  Id.   As to Claim 1, the Court found that it properly exercised jurisdiction to impose a life sentence because the

---

[2]  An Amended Petition was filed on or about June 14, 2013.  ECF No. 27-18.  References herein to "the Petition" include the Amended Petition.

[3]  W. Va. Code Ann. § 53-4A-7(c) provides in part that:

In any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided.

recidivist information was not procedurally defective.  Id. at 8.  As to Claim 2, the court found that the prosecutor's statements were not overly prejudicial.  Id. at 14.  As to Claim 3, the court found that Petitioner's counsel performance was not deficient under an objective standard of reasonableness, and even if counsel unprofessionally erred, the results of the proceeding would have been the same.   Id. at 16.  As to Claim 4, the court found that Petitioner's plea was voluntary.  Id. at 22.  As to Claim 5, the court found that the sentence was neither excessive nor more severe than expected.  Id. at 25.  As to Claim 6, the court found that there was no need to consider the amount of time served or credit for time served because there were no grounds on which to grant Petitioner's motion for habeas corpus.  Id. at 27.

### D.    First State Habeas Corpus Appeal

On December 20, 2013, Petitioner filed a notice of intent to appeal the November 25, 2013 order with the Supreme Court of Appeals in docket number 13-1301, challenging the denial of his petition for habeas corpus.  ECF No. 27-21.  The Supreme Court of Appeals denied relief on November 3, 2014, by memorandum decision[4].  ECF No. 27-24. That decision addressed Petitioner's four assignments of error: (1) that the State breached the plea agreement, and that the trial court failed to make him aware of all the possible consequences of his guilty plea; (2) that the circuit court lacked jurisdiction to impose a life sentence based on a failure to comply with the recidivist statute procedural requirements; (3) ineffective assistance of counsel in failing to identify the procedural defect in the recidivist information; and (4) that the circuit court's cumulative error

---

[4]  The West Virginia Supreme Court of Appeals later characterized this decision as *Gardner I*.

prevented him from receiving a fair trial.  Id. The Supreme Court of Appeals found that

none of Petitioner's claims merited relief.  Id.

### E.     Second State Habeas Corpus Petition

On October 19, 2015, Petitioner filed a second habeas corpus petition in the Circuit

Court of Marion County, West Virginia in case number 15-C-21.   ECF No. 27-26.

Petitioner raised three grounds for relief: (1) that his predicate conviction was attained in

violation of the ex post facto clause of the state and federal constitutions; (2) that West

Virginia Code § 61-8A-2 impermissibly authorizes arbitrary and disproportionate

enforcement; and (3) that his prior conviction for "deviate sexual intercourse" under

Pennsylvania law was not a valid predicate offense under West Virginia Code § 61-11-

18.  The petition was summarily dismissed with prejudice on March 24, 2015.  ECF No.

27-27.

### F.     Second State Habeas Corpus Appeal

On July 7, 2015, Petitioner filed a petition for appeal with the West Virginia

Supreme Court of Appeals in docket number 15-01356, challenging the denial of his

petition for habeas corpus in Marion County case 15-C-21.  ECF No. 27-28.   By

memorandum decision[5] filed December 7, 2015, the Supreme Court of Appeals affirmed

the order of the Circuit Court of Marion County.  ECF No. 27-32.  The Supreme Court of

Appeals summarized Petitioner's claims:

> On appeal, petitioner reiterates the three issues raised in his
> habeas petition.  First, petitioner contends that an obscene
> telephone call was not a "distribution" as defined by West
> Virginia Code § 61-8A-1 despite our finding in *Gardner I* that
> it was. . . . Next petitioner contends that while West Virginia

---

[5]  The West Virginia Supreme Court of Appeals later characterized this decision as Gardner II.

6

> Code § 61-3C-14a, West Virginia Code § 61-8-16, and West Virginia Code § 61-8A-2 prohibit similar conduct, only § 61-8A-2 provides for a felony conviction. . . . Finally, petitioner contends that he should not have received a life sentence pursuant to the recidivist statute.

ECF No. 27-32.  The Supreme Court of Appeals found no merit in any of Petitioner's assignments of error.  Id.

### G.    First Federal Habeas Corpus Petition

On January 6, 2016, Petitioner filed a first federal habeas corpus petition pursuant to 28 U.S.C. § 2254 in the Northern District of West Virginia case number 3:16-CV-3. Therein, Petitioner raised four grounds for relief: (1) that his plea was entered involuntarily; (2) that W. Va. Code § 61-8A-2 does not provide adequate notice of the prohibited conduct; (3) that his sentence was unlawfully enhanced based on a prior conviction in Pennsylvania; and (4) that he received ineffective assistance of counsel, when his appellate counsel "failed to challenge the basis for an enhanced sentence." 3:16-CV-3, ECF No. 1 at 6, 8, 11, 13.  On January 23, 2017, United States Magistrate Judge James E. Seibert filed a 28-page report and recommendation which recommended the petition be dismissed because Petitioner failed to exhaust his state remedies with regard to any of the claims in his § 2254 petition.  ECF No. 27-36.  Following receipt of Petitioner's two objections to the Report and Recommendation, by order entered March 16, 2017, Chief United States District Judge Gina M. Groh, adopted the Report and Recommendation, and dismissed the petition without prejudice. ECF No. 27-37.  Chief Judge Groh specifically found that the two objections were unfounded because: (1) with regard to Ground One, Petitioner's claims, "albeit related, are factually distinguishable

from one another" and the newly articulated claim had not been exhausted by the highest court of any state; and (2) with regard to Ground Four, ineffective assistance of counsel, Petitioner admitted "he has not raised this claim on direct appeal or in any post-conviction proceeding." Id. at 3 – 4.

H.    **Third State Habeas Corpus Petition**

On or about January 26, 2016, Petitioner filed a third habeas corpus petition in the Circuit Court of Marion County, West Virginia in case number 16-C-73.  ECF No. 27-37, 27-38.  Petitioner asserted the following seven grounds for relief, that: (1) his guilty plea was not voluntary; (2) W. Va. Code § 61-8A-2 does not provide adequate notice of the prohibited conduct; (3) his life recidivist sentence is unconstitutional; (4) he received ineffective assistance of counsel; (5) the application of W. Va. Code § 61-8A-2 was retroactive, thereby violating the ex post facto prohibition; (6) three criminal statutes which provided separate sanctions for the same conduct committed by Petitioner, failed to provide him with adequate notice of prohibited conduct; and (7) the Circuit Court erred when it ruled Petitioner was subject to a life sentence regardless of whether his prior Pennsylvania conviction was used as a predicate offense.  ECF No. 27-38 at 4, 5, 6, 8, 10 and 12.  The Circuit Court of Marion County summarily dismissed the third petition for habeas corpus on June 17, 2016, in an order which made findings of fact and conclusions of law.   The June 17, 2016 Order found that "Petitioner's third [ ] habeas corpus petition raise[d] seven grounds, all of which, but for ground four [his claim of ineffective assistance of habeas counsel], were either previously and finally adjudicated or waived in the omnibus proceeding on October 25, 2013."  ECF No. 27-39 at 12.  As to that claim, the

8

Circuit Court of Marion County found that even if Petitioner were able to meet the first prong of Strickland[6] in regard to his prior habeas counsel's performance, he was unable to meet the second "performance" prong of Strickland.  ECF No. 27-39.

> ### I.      Third State Habeas Corpus Appeal

On July 13, 2016, Petitioner filed a notice of appeal of the June 17, 2016 order. ECF No. 27-40.   On September 30, 2016, Petitioner perfected his appeal by filing a petition with the Supreme Court of Appeals in case number 16-0688.  ECF No. 27-41. The Circuit Court of Marion County appointed counsel to represent Petitioner, and thereafter, counsel filed pleadings with the Supreme Court of Appeals on Petitioner's behalf.  ECF Nos. 27-42 through 27-44.  By memorandum decision entered on June 9, 2017, the Supreme Court of Appeals affirmed the Circuit Court's June 17, 2016 order denying Petitioner the writ of habeas corpus. ECF No. 27-46.  The memorandum decision noted that one unsuccessful argument made by petitioner was "that his sentence of life imprisonment, under West Virginia Code § 61-11-18, is unconstitutional as the standards by which it was justified are vague."   Id. at 4.   Further, the decision noted, "[u]ltimately, petitioner acknowledged that all of the grounds in his third petition for habeas relief had been previously and fully adjudicated."  Id. at 3 – 4.

> ### J.      Instant Second Federal Habeas Corpus Petition

---

[6]  The West Virginia Supreme Court of Appeals explicitly adopted the Strickland test in State v. Miller, 194 W. Va. 3, 15, 459 S.E.2d 114, 126 (1995) ("We now make it explicit, in the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in Strickland. Thus, it is necessary for us to review the defendant's claims under the Strickland standard.")

Three months after Chief Judge Groh denied Petitioner relief in 3:16-CV-3, on June 28, 2017, Petitioner filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  ECF No. 1.

Petitioner, who is in state custody, alleges six grounds for relief in his petition: (1) that his plea was involuntary; (2) that he was denied due process because the statute he was convicted of violating, West Virginia Code § 61-8A-2, does not give adequate notice of prohibited conduct; (3) that his life sentence under the recidivist statute, West Virginia Code § 61-11-18, violates the Fifth, Eight and Fourteenth Amendments of the United States Constitution; (4) that he received ineffective assistance of counsel when his attorney did not challenge his indictment or life sentence under the recidivist statute; (5) that his recidivist life sentence is unconstitutional because the standards to justify the same are vague; and (6) that he was denied due process because three criminal statutes provide three different sanction for conduct, thus, failing to give adequate notice of prohibited acts.

These six articulated grounds can be more succinctly addressed under four grounds: (1) that his plea was involuntary; (2) that West Virginia Code § 61-8A-2 is unconstitutionally vague; (3) that he received ineffective assistance of counsel; and (4) the West Virginia recidivist statute is unconstitutional.

Respondent filed a motion for summary judgment on May 15, 2018, with 47 accompanying exhibits, consisting primarily of state court records.  ECF Nos. 27, 27-1 through 27-47.  On May 21, 2018 notice was issued to Petitioner, pursuant to the holding in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that advised him of his right and

obligation to file a response to the Respondent's motion for summary judgment.  ECF No. 31.  According to a return receipt filed with the Court on May 24, 2018, Petitioner received the <u>Roseboro</u> notice on May 23, 2018.   Petitioner did not file any response to Respondent's motion for summary judgment.

As noted above, a Report and Recommendation was filed on August 24, 2018. ECF No. 33.  On October 10, 2018, the District Court entered an order supplementing the record and recommitting the case to the Magistrate Judge[7] for further consideration.  ECF No. 48.   On October 31, 2018, Petitioner filed a motion to amend his petition with four attached pages from the Court-approved form.   ECF Nos. 54, 54-1.   Thereafter, on November 15, 2018, Petitioner filed objections to the R&R.  ECF No. 57.  In his objections to the initial R&R, Petitioner concedes that he did not file a response to the motion for summary judgment.  ECF No. 57 at 1.

### III.  Legal Standard

#### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see also</u> Rule 1(b) Rules Governing Section 2254

---

[7] Following the retirement of United States Magistrate Judge James E. Seibert, this case was assigned to the undersigned for further proceedings.

Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B.      Motion for Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Id. at 250.

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict."  Anderson, supra, at 256.  Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial."  Id.

"Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case."  Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (quotations omitted).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249 (citations omitted).

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]."  Id.   "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).  Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation.  Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."  Matsushita, supra, at 587.  "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Id. citing First Ntl. Bank of Ariz. v. Cities

13

Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968).  See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990).  Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

### C.    Petitions for Habeas Corpus Under 28 U.S.C. § 2254

Title 28 U.S.C. §2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When determining the merits of a § 2254 petition, the district court applies the standards set forth in § 2254(d), which provides that the habeas petition of a person in State custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim--
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).  Moreover, the factual determinations by the state courts are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).  Therefore, when reviewing

14

Case 1:17-cv-00115-TSK   Document 63   Filed 01/30/19   Page 15 of 22   PageID #: 1183


a petition for habeas relief, the Federal Court uses a "highly deferential lens" mandated by the AEDPA.  DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999).  The "contrary to" and "unreasonable application clauses of § 2254)(1)(d) have separate and independent meanings. Williams v. Taylor, 529 U.S. 362, 364 (2000).  A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, 529 US at 405) (internal quotations omitted).  A writ of habeas corpus may be granted under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." Id. at 300-01 (internal marks omitted).

Therefore, the AEDPA limits the habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision. "[A] federal habeas court may grant relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, the application must also be unreasonable." Williams, 529 US at 365.

## IV. Analysis

Petitioner seeks the writ habeas corpus herein upon articulated grounds which have all previously been raised and decided in the Supreme Court of Appeals of West Virginia.  Although Petitioner articulated his claims in six grounds, the assertions therein are more properly considered as four grounds: (1) that his plea was involuntary; (2) that West Virginia Code § 61-8A-2 is unconstitutionally vague; (3) that he received ineffective assistance of counsel; and (4) the West Virginia recidivist statute is unconstitutional.

### A.    Voluntariness of the Plea

Petitioner raised the voluntariness of his plea in both his first and his third state habeas proceeding in Marion County Circuit Court case numbers 12-C-449 and 16-C-73. ECF Nos. 27-20, 27-37, 27-38.  The Circuit Court in the first state habeas proceeding found that Petitioner's plea was voluntary.  ECF No. 27-20 at 22.  The Circuit Court in his third state habeas proceeding found that of the seven raised grounds, including voluntariness of his plea, only his ineffective assistance of counsel claim had not previously been adjudicated.  ECF No. 27-39 at 12.   In its memorandum decision issued November 3, 2014, the Supreme Court of Appeals affirmed the Circuit Court's denial of habeas corpus in Petitioner's first state habeas corpus appeal.  ECF No. 27-24.  In its memorandum decision issued June 17, 2016, the Supreme Court of Appeals affirmed the Circuit Court's denial of habeas corpus in Petitioner's third state habeas corpus appeal. ECF No. 27-46.   Moreover, the Court recognized that the Petitioner acknowledged that all the issues raised in his third petition for habeas relief had been previously and fully adjudicated.  Id. at 3 – 4.

16

**B.     West Virginia Code § 61-8A-2 is not unconstitutionally vague**

Petitioner raised the constitutionality of W. Va. Code § 61-8A-2 in his second and third state habeas proceedings in Marion County Circuit Court case numbers 15-C-21 and 16-C-73.  ECF Nos. 27-26, 27-38.  The Supreme Court of Appeals affirmed the Circuit Court's denial of the second petition for habeas corpus by memorandum decision issued December 7, 2015.  ECF No. 27-32.  In its memorandum decision issued June 9, 2017, the Supreme Court of Appeals affirmed the Circuit Court's denial of the third petition for habeas corpus.  ECF No. 27-46.  Moreover, the Court recognized that the Petitioner acknowledged that all the issues raised in his third petition for habeas relief had been previously and fully adjudicated.  Id. at 3 – 4.

**C.     Claim of Ineffective Assistance of Counsel**

Petitioner raised ineffective assistance claims in both his first and his third state habeas proceedings in Marion County Circuit Court case numbers 12-C-449 and 16-C-73.  ECF Nos. 27-18, 27-38.   In his first state habeas proceeding, Petitioner argued that his counsel was ineffective by "failing to challenge the recidivist Information at sentencing or prior to sentencing on the grounds that said Information was defective for noncompliance with the enhanced sentencing statute."  ECF No. 27-18 at 3, 12.  In its order denying habeas relief, the Circuit Court found that Petitioner's assistance of counsel was not ineffective, because counsel's performance was not deficient under an objective standard of reasonableness.  ECF No. 27-20 at 16 - 22.  Further, the Circuit Court found that even if Petitioner were able to meet the "deficient performance" prong of Strickland, he could not meet the "performance" prong, and therefore was not entitled to relief.  Id.

17

Moreover, the Circuit Court held the evidentiary hearing which Petitioner cites herein as the basis for this Court to re-consider his claims for habeas relief in this Court.  ECF No. 41-2.  When the Supreme Court of Appeals considered these same claims, the Court found that:

> We first note that the circuit court had before it a pre-sentence investigation that set forth exacting details of petitioner's lengthy criminal history, including his prior convictions, sentences, and revocations.  We also note that the circuit court found that, in opting not to challenge the recidivist information, petitioner's trial counsel's performance was not deficient under an objective standard because the recidivist information was not procedurally deficient.

ECF No. 27-24 at 6.   The alleged ineffective assistance of counsel issue raised in that state court proceeding, including the appeal thereof, is the same issue raised herein.

In Petitioner's third state habeas proceeding, the Supreme Court of Appeals again found Petitioner's claims, including his claim that he received ineffective assistance of counsel, meritless.  ECF No. 27-46.  Moreover, the Court recognized that the Petitioner acknowledged that all the issues raised in his third petition for habeas relief had been previously and fully adjudicated.  Id. at 3 – 4.

Because Petitioner's claims of ineffective assistance of counsel have previously been adjudicated on the merits by the Supreme Court of Appeals' memorandum decisions, pursuant to 28 U.S.C.(d)(1), this Court shall not grant a writ of habeas corpus with respect to those claims.

### D.    Constitutionality of West Virginia Recidivist Statute

The Supreme Court of Appeals found no merit to Petitioner's claim that his sentence of life imprisonment under West Virginia Code § 61-11-18 was unconstitutional,

and further found that the standards which justified the statute were not unconstitutionally vague.  ECF No. 27-46.  Again, as with his other three claims raised herein, the Supreme Court of Appeals recognized that the Petitioner acknowledged that all the issues raised in his third petition for habeas relief had been previously and fully adjudicated.  Id. at 3 – 4.

Petitioner is not, under the plain language of the statute, entitled to relief under 28 U.S.C. § 2254 which provides that habeas relief to a person in state custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings, unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Petitioner's claims have all been previously adjudicated on the merits in state court proceedings, both at the Circuit Court and Supreme Court of Appeals.  Additionally, Petitioner has not articulated any unreasonable application of federal law which occurred in the state proceedings, nor does he allege that the state court's adjudication resulted in a decision based on an unreasonable determination of the facts.  Instead, Petitioner merely raises the same claims that he has previously unsuccessfully raised   in state court.  However, when the Supreme Court of Appeals of West Virginia considered Petitioner's state habeas corpus appeal on the merits,[8] its denial of relief did not include

---

[8] Even when a state court summarily rejects a claim and does not set forth its reasoning, the federal court reviews the record and clearly established Supreme Court law.   Bell v. Jarvis, 236 F.3d 149 (4th Cir.

any determination which is opposite on a matter of law to any decision of the Supreme Court[9]. Petitioner fails to demonstrate that the state court arrived at a conclusion opposite to that reached by the Supreme Court with respect to any of his claims. Accordingly, because the decision of the state court is not contrary to, nor does it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court, Petitioner has not established that he is entitled to relief pursuant to 28 U.S.C. §2254(d)(1).

Because all of Petitioner's claims have previously been adjudicated on the merits by the Supreme Court of Appeals' memorandum decisions, pursuant to 28 U.S.C.(d)(1), this Court shall not grant a writ of habeas corpus with respect to any of those claims.

Further, in regard to Respondent's motion for summary judgment, because the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Further, Petitioner as the nonmoving party, was required to offer evidence from which a fair-minded jury could return a verdict for him, but failed to do so. Accordingly, because there are no genuine issues for trial, and all the issues presented by Petitioner have been previously adjudicated, summary judgment in favor of the Respondent is appropriate.

---

2000), cert. denied, 534 U.S. 830 (2001). However, the federal court must still "confine [its] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. at 158 (quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)).

[9] In Petitioner's third state habeas appeal, the Supreme Court of Appeals considered whether the ruling in Johnson v. United States, 135 S.Ct. 2551 (2015), was opposite to any West Virginia decision, including the West Virginia recidivist statute. The Supreme Court of Appeals determined that Petitioner's reliance on Johnson's was misplaced. ECF No. 27-46 at 4.

None of those findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  Moreover, none of those findings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

## V.  RECOMMENDATION

Based upon a review of the record, this Court recommends that the District Court enter an Order which **GRANTS** Respondent's motion for summary judgment [ECF No. 27], and **DENIES WITH PREJUDICE** Petitioner's §2254 Petition for habeas corpus [ECF No. 1] and the amendment thereto [ECF No. 54-1], which should thereafter be dismissed from the docket.

Within fourteen (14) days after being served with a copy of this Amended Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Amended Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge.  Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  Failure to timely file objections to the Amended Recommendation set forth above

21

will result in waiver of the right to appeal from a judgment of this Court based upon such Amended Recommendation.  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

This Amended Report and Recommendation completes the referral from the District Court.  The Clerk is directed to terminate the Magistrate Judge association with this case.

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Amended Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.  The Court further directs the Clerk of the Court to mail a copy of this Amended Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:      January 30, 2019

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

22