IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**THOMAS EUGENE GARDNER, JR.,**

    **Petitioner,**

**v.**                            **Civil Action No. 1:17-cv-115**
                                           **(Judge Kleeh)**

**DAVID BALLARD, Warden,**

    **Respondent.**

**ORDER REJECTING THE AMENDED REPORT AND RECOMMENDATION [DKT. NO. 63], OVERRULING PETITIONER'S OBJECTIONS [DKT. NOS. 57, 66], DENYING AS MOOT MOTION FOR SUMMARY JUDGMENT [DKT. NO. 27], DENYING AS MOOT MOTION FOR EXTENSION OF TIME [DKT. NO. 65], DENYING AND DISMISSING § 2254 PETITION [DKT. NO. 1], AND STRIKING MATTER FROM ACTIVE DOCKET**

    **I.    Introduction and Procedural Background**

Pending before the Court is United States Magistrate Judge James P. Mazzone's Amended Report and Recommendation ("R&R") [Dkt. No. 63] concerning the *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* filed by *pro se* Petitioner Thomas Eugene Gardner, Jr. ("Petitioner"). The petition for habeas corpus relief under 28 U.S.C. § 2254 was filed on June 28, 2017 [Dkt. No. 1]. While Petitioner asserted six grounds for relief in his petition, Magistrate Judge Mazzone correctly found that the six articulated grounds can more accurately be addressed as four: (1) that his plea was involuntary;

(2) that W. Va. Code § 61-8A-2 is unconstitutionally vague; (3) that he received ineffective assistance of counsel; and (4) the West Virginia recidivist statute is unconstitutional[1] [Dkt. No. 63 at 10].

Respondent filed a *Motion for Summary Judgment* on May 15, 2018 [Dkt. No. 27], together with forty-seven accompanying exhibits from the state court proceedings [Dkt. Nos. 27-1 through 27-47]. Petitioner was issued a notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) on May 21, 2018, advising him of his right and obligation to respond to the motion [Dkt. No. 31]. Petitioner received the Roseboro notice on May 23, 2018 [Dkt. No. 32] but did not file a response to Respondent's *Motion for Summary Judgment*.

On August 24, 2018, United States Magistrate Judge James E. Seibert issued a R&R[2] [Dkt. No. 33]. Petitioner sought and received

---

[1] On January 19, 2011, in the Circuit Court of Marion County, West Virginia, Petitioner entered a guilty plea to a single count Indictment for Distribution and Display to a Minor of Obscene Matter, in violation of West Virginia Code § 61-8A-2(a) [Dkt. Nos. 27-1 and 27-2]. An Information was filed against Petitioner charging him as a recidivist under West Virginia Code § 61-11-18, and a recidivist hearing was held on March 16, 2011 [Dkt. No. 27-5]. At the recidivist hearing, Petitioner admitted to prior convictions for: 1) statutory rape in the Court of Common Pleas of Fayette County, Pennsylvania on July 10, 1984; (2) kidnapping in the Circuit Court of Monongalia County, West Virginia on July 8, 1992; and (3) failure to register or provide notice of registration changes in the Circuit Court of Marion County, West Virginia on June 3, 2005 [Dkt. No. 27-5]. On March 21, 2011, Petitioner was sentenced to life in state prison [Dkt. No. 27-8 at 3]. Petitioner is currently in custody as a result of this 2011 conviction.

[2] Following the retirement of United States Magistrate Judge James E. Seibert, the case was assigned to Magistrate Judge James P. Mazzone for further proceedings.

2

two extensions of time to file objections to the R&R [Dkt. Nos. 36, 39], and the District Court granted Petitioner leave to supplement the record [Dkt. No. 43]. On October 10, 2018, the District Court entered an order supplementing the record and recommitting the case to the magistrate judge for further consideration [Dkt. No. 48].

On October 31, 2018, Petitioner filed a motion to amend his petition with four attached pages from the court-approved form [Dkt. No. 54, 54-1]. The motion to amend was granted on January 30, 2019 [Dkt. No. 62]. On November 15, 2018, the Petitioner filed objections to the August 24, 2018, R&R [Dkt. No. 57]. The matter was then pending before Magistrate Judge Mazzone for a review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2.

In the Amended R&R, Judge Mazzone recommends that the Court grant the *Respondent's Motion for Summary Judgment* [Dkt. No. 27]. After the issuance of the January 30, 2019, Amended R&R, the Petitioner filed a *Motion for Extension of Time to File Objections to the R&R* [Dkt. No. 65] which is pending. Petitioner filed objections to the Amended R&R on February 25, 2019[3] [Dkt. No. 66].

For the reasons stated herein, the Court: rejects the Amended R&R [Dkt. No. 63]; overrules Petitioner's objections filed on

---

[3] Petitioner's February 25, 2019, objections mirror his November 15, 2018, objections in substance [Dkt. Nos. 57, 66]. Petitioner admits that he failed to respond to the *Motion for Summary Judgment* [Dkt. Nos. 57 at 1, 66 at 1].

3

November 15, 2018 [Dkt. No. 57] and on February 25, 2019 [Dkt. No. 66]; denies as moot Respondent's *Motion for Summary Judgment* [Dkt. No. 27]; denies as moot Petitioner's *Motion for Extension of Time to File Objections to the R&R* [Dkt. No. 65]; and denies and dismisses the § 2254 petition [Dkt. No. 1].

Upon its independent review of the record, the Court finds that the factual and procedural history explained in the Amended R&R [Dkt. No. 63 at 2-11] accurately describes the circumstances underlying Petitioner's claims, apart from one omission: in addition to his other multiple post-conviction filings with the state of West Virginia, and the current federal petition before this Court, Petitioner filed two previous habeas petitions with the Northern District of West Virginia: Case No.: 5:15-cv-42 and Case No.: 3:16-cv-3.

On April 6, 2015, Case No.: 5:15-cv-42, Petitioner filed his first federal habeas petition, and raised three grounds for relief[4] [Case No.: 5:15-cv-42, Dkt. No. 1]. On July 20, 2015, after the

---

[4] The grounds raised by Petitioner in the April 6, 2015, petition in Case No. 5:15-cv-42 with this Court include: (1) the conviction and sentence for Distribution to a Minor of Obscene Matter under W. Va. Code § 61-8A-2 violates Article III, § 4 of the West Virginia Constitution and Article I, § 10, c. 1 of the United States Constitution; (2) the legislature created disproportionate punishments for Petitioner's conduct predicated on the age of the victim and enhanced the power of the executive branch to enhance punishment; and (3) enhancement of a criminal sentence predicated on crimes of violence in a foreign jurisdiction pursuant to West Virginia's recidivist's statute requires the elements of the of the offense in the foreign state to be equivalent to a comparable West Virginia felony, and the sentence must have been served in a penitentiary [Case No.: 5:15-cv-42, Dkt. No. 1].

4

issuance of two orders to show cause, United States District Judge Frederick P. Stamp, Jr. dismissed the petition for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and a Judgment Order was entered the same day[5] [Case No.: 5:15-cv-42, Dkt. Nos. 20 and 21]. The dismissal order advised Petitioner of his right to appeal the judgment of the Court, and advised that he must file a notice of appeal within thirty (30) days after the date of the entry of the judgment order [Case No.: 5:15-cv-42, Dkt. No. 20]. Petitioner did not appeal.

On January 6, 2016, Petitioner filed a second federal habeas petition pursuant to § 2254 in the Northern District of West Virginia, Case Number 3:16-cv-3. Petitioner raised four grounds for relief [Case No.: 3:16-cv-3, Dkt. No. 1], and on January 23, 2017, Magistrate Judge James E. Seibert issued a R&R recommending the petition be dismissed because Petitioner failed to exhaust his state remedies as to any claims in the § 2254 petition[6] [Case No.:

---

[5] Petitioner filed a *Motion to Alter or Amend Judgment* in his first federal habeas matter [Case No.: 5:15-cv-42, Dkt. No. 24], which was construed as a motion under Rule 59(e) of the Federal Rules of Civil Procedure and denied by order entered on August 5, 2015 [Case No.: 5:15-cv-42, Dkt. No. 27]. That August 5, 2015, Order confirmed that "judgment was entered on July 20, 2015" [Id. at 5; see Dkt. No. 21]. The Court further stated that "Petitioner's case was correctly and properly dismissed for the failure to prosecute." [Id. at 6].

[6] In his second federal habeas corpus petition, Petitioner raised these grounds for relief: (1) that his plea was entered involuntarily; (2) that W. Va. Code § 61-8A-2 does not provide adequate notice of the prohibited conduct; (2) that his sentence was unlawfully enhanced based on a prior conviction in Pennsylvania; and (4) that he received ineffective assistance of counsel when his appellate counsel "failed to challenge the basis for an enhanced sentence" [Case No.: 3:16-cv-3, Dkt. No. 1].

3:16-cv-3, Dkt. No. 32]. Petitioner filed objections to Magistrate Judge Seibert's R&R on February 15, 2017 [Case No.: 3:16-cv-35, Dkt. No. 35]. By order entered on March 16, 2017, Chief United States District Judge Gina M. Groh adopted the R&R, and dismissed the petition without prejudice for failure to exhaust[7] [Case No.: 3:16-cv-3, Dkt. No. 41].

## II. Standard of Review

Habeas relief is available under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), to state prisoners in "custody in violation of the Constitution or laws or treaties of the United States."[8] Habeas relief under § 2254 is only appropriate when the state court's adjudication of the claim either (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,"[9] or (2) "resulted in a decision that was

---

[7] The Order entered by Chief Judge Groh did not reference the previous federal petition or the July 20, 2015, Order of Dismissal by Judge Stamp in Case No.: 5:15-cv-42 [Case No.: 3:16-cv-3, Dkt. No. 41].

[8] Violations of state law or procedure that do not implicate a specific federal provision do not warrant habeas review. See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991)(writing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" and that "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). "It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension." Wainwright v. Goode, 464 U.S. 78, 83 (1983).

[9] This is referred to as the "contrary to" clause.

6

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[10] 28 U.S.C. § 2254(d)(1)-(2).

The AEDPA imposes strict limits on the consideration of "second or successive" habeas petitions. Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." A claim presented in a successive habeas application that was not presented in a prior application shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B). Importantly, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider

---

[10] This is referred to as the "unreasonable application" clause.

the application." See 28 U.S.C. § 2244(b)(3)(A).

Having reviewed the Amended R&R, the record, and the petition in accordance with applicable law, the Court concludes that the petition should be summarily dismissed without prejudice, and without further consideration of the Amended R&R. The petition in this matter is successive and the Court cannot consider its merits without first receiving permission to do so from the appropriate circuit court of appeals. 28 U.S.C. § 2244(b)(3)(A); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Although the magistrate judge's report and recommendation does not address Petitioner's 2015 federal petition that was dismissed on July 20, 2015, the issue of successiveness of a habeas petition may be raised by the Court *sua sponte*. See Rodriguez v. Johnson, 104 F.3d 694, 697 n.1 (5th Cir. 1997); Davis v. McFadden, C/A No. 0:14-2662-RMG, 2014 WL 5305931, at *4 (D.S.C. Oct. 15, 2014)(adopting and incorporating Report and Recommendation).

### III. Discussion

A petition is only second or successive if the original petition was adjudicated on the merits. See 28 U.S.C. § 2244(b). The dismissal of a petition under Federal Rule of Civil Procedure 41(b) for failure to prosecute is an adjudication on the merits, as it is a final judgment from which Petitioner could have appealed. [Case No.: 5:15-cv-42, Dkt. Nos. 20, 21]. Petitioner was advised in the dismissal order for Case No.: 5:15-cv-42 of his

right to appeal the judgment of the Court but no appeal was pursued. As it stands, the Judgment Order entered on July 20, 2015 [Case No.: 5:15-cv-42, Dkt. No. 21] became final as an adjudication by this Court.[11]

There in no indication that Petitioner sought leave from the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") to file the § 2254 petition in this matter. Before the Petitioner attempts to file another petition in the United States District Court for the Northern District of West Virginia, he must seek and obtain leave (*i.e.*, written permission) from the Fourth Circuit. See Gonzalez v. Crosby, 545 U.S. 524, 530 (2005)("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."); see also Richardson v. Thomas, 930 F.3d 587, 595 (4th Cir. 2019)(recognizing the primacy of § 2244(b) over Fed. R. Civ. Pro. 60(b) when a district court considers successive habeas requests by state prisoners alleging violations of federal constitutional rights); In re Williams, 330 F.3d 277 (4th Cir. 2003). Petitioner

---

[11] The Court notes that Petitioner's motion to alter or amend judgment under Rule 59(e) in Case No.: 5:15-cv-42 could have been construed as an unauthorized successive petition under 28 U.S.C. § 2244. See Foreman v. Johnson, No. 03-7522, 107 Fed.Appx. 333, 333-34 (4th Cir. 2004)(per curiam)(refusing to issue a certificate of authorization under § 2244 where petitioner's Rule 59(e) motion was construed by District Court as an unauthorized successive petition).

9

can obtain the forms necessary to seek authorization to file a second or successive habeas petition from the Clerk's Office of the Fourth Circuit Court of Appeals.

Because Petitioner did not first obtain permission to file the successive § 2254 petition in Case No.: 1:17-cv-115, this Court does not have jurisdiction over the current petition. Richardson, 930 F.3d at 594 (state prisoners are limited to one round of federal habeas review of their convictions under the two narrow circumstances prescribed in § 2244(b)); see also United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider the application….").

### IV. Conclusion

For the reasons stated, the Court:

1. **REJECTS** the Amended Report and Recommendation [Dkt. No. 63];
2. **OVERRULES** the Petitioner's objections filed on November 15, 2018 [Dkt. No. 57] and on February 25, 2019 [Dkt. No. 66];
3. **DENIES AS MOOT** the *Motion for Summary Judgment* [Dkt. No. 27];
4. **DENIES AS MOOT** Petitioner's *Motion for Extension of Time to File Objections* [Dkt. No. 65];
5. **DENIES AND DISMISSES WITHOUT PREJDICE** the petition for writ of habeas corpus as successive [Dkt. No. 1]; and
6. **ORDERS THIS MATTER STRICKEN** from the docket of this Court.

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit a copy of this order to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address on the docket sheet. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is further **DIRECTED** to enter judgment on this matter.

**DATED:** September 16, 2019

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE